FILED
SUPERIOR COURT
OF GUAM

2019 MAY -9 PM 2: 37

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| THE PEOPLE OF GUAM,<br><br>vs.<br><br>**MIGUEL MARIANO MUNA CASTRO,**<br>DOB: 05/30/1970,<br><br><div align="center">Defendant.</div> | CIVIL CASE NO. CF0474-13<br><br>**DECISION AND ORDER<br>DEFENDANT'S MOTION TO MODIFY<br>JUDGMENT** |
|---|---|

## INTRODUCTION

This matter came before the Honorable Judge Arthur Barcinas on March 26, 2019, upon Defendant Miguel Mariano Muna Castro's ("Defendant") Motion to Modify Judgment filed November 6, 2018. Attorney Terry E. Timblin represented the Defendant and Assistant Attorney General Jerimiah Luther represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral argument on the matter, the Court hereby **DENIES** the Defendant's Motion to Modify Judgment.

## BACKGROUND

On August 30, 2013, the Defendant was arrested for burglary and has since been incarcerated at the Department of Corrections . Def.'s Mot. to Modify J. On July 17, 2015, the Defendant entered into a plea agreement whereby he plead guilty to two counts of burglary as a second degree felony. Id. The Defendant was subsequently sentenced to fifteen years imprisonment at the Department of Corrections ("DOC") with all but seven years suspended, with credit for time served. Id.

In his motion, the Defendant argues that he is eligible for parole as he has served two-thirds of his seven-year "fixed sentence," and the minimum sentence of five years imposed

under 9 GCA § 37.20(b). DOC however, claims that an inmate's "fixed sentence" includes both the actual incarceration period as well as any suspended portion of the sentence. Thus, based on that formula, DOC argues and has calculated that the Defendant is not eligible for parole until a period of ten years has passed, as that would constitute two-thirds of the fifteen year sentence imposed upon the Defendant.

The Defendant, on the other hand, contends that there is no definitive interpretation of what the term "fixed sentence" means, and requests that the Court either find that the term only applies to the time of actual incarceration, or find the term ambiguous and interpret it against the People. As such, the Defendant requests that the Court modify the underlying judgment in this case by adding the sentence, "Defendant shall be eligible for parole after 5 years." Def.'s Mot. to Modify J. Subsequently, the Court held a hearing and took the matter under advisement on February 26, 2019.

## DISCUSSION

Until Guam creates its own Constitution, the Organic Act of Guam is the equivalent of Guam's Constitution. Bordallo v. Baldwin, 624 F.2d 932, 934 (9th Cir.1980). The Organic Act specifically provides that "[t]he government of Guam shall consist of three branches, Executive, Legislative, and Judicial . . . ." 48 U.S.C. § 1421(a) (1992). By its very language, therefore, the Organic Act requires application of the constitutional doctrine of separation of powers to government of Guam functions." Taisipic v. Marion, 1996 Guam 9 ¶ 26. Through strict adherence to the doctrine of separation of powers, courts throughout the United States have sought to protect the legislative and executive branches of government from judicial interference. Id. at ¶ 27.

In Taisipic, the Supreme Court of Guam found that the Guam Parole Board had been vested the authority in parole determinations, and that the Superior Court of Guam cannot impermissibly encroach on the powers granted by the Guam Legislature. Id. at ¶ 33. The instant action does not seek to have the Court grant or deny parole, in direct violation of the Parole Board's powers described in Taisipic, but rather seeks an amendment to the Judgment explicitly providing when the Defendant would be eligible for parole. Title 9 GCA § 80.72(a),

states that "[u]nless otherwise provided by law, every person confined in a Guam penal or correctional institution *shall* be eligible for release on parole at any time after the service of two-thirds (2/3) of his or her *fixed sentence* . . . ." (emphasis added). Here, the Defendant claims that he has served the requisite two-thirds of his fixed sentence, as well as the five-year minimum sentence imposed upon him, and therefore must be considered eligible for parole. The Parole Board, on the other hand, claims that the Defendant is improperly computing his eligibility based upon a misunderstanding of the term "fixed sentence" as used in the statute. Therefore, the two issues before the Court are: 1) whether the Parole Board is violating 9 GCA § 80.72(a) in its computation of parole eligibility, and 2) whether the Court should modify the Judgment as requested.

I. **The Parole Board is not explicitly violating 9 GCA § 80.72(a) in its computation of parole eligibility.**

The Defendant's motion does not question the underlying Judgment, but rather the Parole Board's sentencing computations for parole eligibility. The Parole Board construes the term "fixed sentence" – as found in 9 GCA § 80.70 and 80.72 – to include the actual incarceration period as well as any suspended portion of the sentence when determining parole eligibility, whereas the Defendant believes that only the period of actual incarceration should be considered as the "fixed sentence" when computing parole eligibility.

The term "fixed sentence" is not defined by statute. However, the People argue that it should be used interchangeably with "Prison Term" as defined in 9 GCA § 80.70.1(k), which in the applicable portion reads: "Prison Term shall mean the term of actual incarceration plus any suspended term of imprisonment…[n]otwithstanding any other provision of law to the contrary, this definition of Prison Term shall be controlling whenever the term is used to determine eligibility for parole or to determine the date an inmate is Eligible for Parole."

The Defendant does not cite to any authority supporting his claim that a "fixed sentence" only applies to the time of actual incarceration. Instead, the Defendant claims that due to the ambiguity of the term, the Court should find against the People. However, based upon a reading of the statute, there is nothing to support the Defendant's position. Although the

Court does not necessarily believe that the terms "fixed sentence" and "Prison Term" were meant to be used interchangeably, the Court does find some evidence of legislative intent such that the totality of an individual's actual term of incarceration and their suspended sentence should be considered in determining parole eligibility.

Therefore, the Court finds that in the absence of a definition of "fixed sentence," discretion lies with the Parole Board in determining the proper computation for parole eligibility, and the Parole Board's current method of computing parole eligibility is not an express violation of the statute.

## I.     The Defendant's Motion for Modification of Judgment is Untimely and Does Not Properly Attack the Judgment, But Rather the Parole Board's Discretion.

The Defendant requests that the Court modify its previous Judgment to add a clause that the "Defendant shall be eligible for parole after 5 years." Def.'s Mot. to Modify J. The Defendant does not seek to add language that was previously agreed upon when the Defendant entered into his Plea Agreement on July 17, 2015, but instead seeks to add language to reflect his implicit assumption about when he would be eligible for parole. Therefore, the Court finds that the Defendant's motion is more aptly categorized as a motion to alter or amend the judgment under GRCP Rule 59(e). Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." In this instance, the Defendant's Motion to Modify Judgment was filed beyond the ten-day time limit.

Moreover, the Defendant's attempt to amend the Judgment is not an attack on the Judgment itself, but rather an attack on the Parole Board's discretion. The Defendant seeks to amend his Judgment because he was mistaken about how the Parole Board determines parole eligibility, and attacks the methods by which the Parole Board calculates when prisoners are eligible for parole. As determined above, the Court finds that the Parole Board is not expressly violating 9 GCA § 80.72(a) in its current method of calculations, and the Superior Court will not impermissibly encroach on the powers granted to the Parole Board by the Guam Legislature, as it could by challenging the Parole Board's discretion in determining parole eligibility.

Accordingly, the Court **DENIES** the Defendant's Motion to Modify Judgment on the bases that it is untimely and an improper attack on the Parole Board's discretion.

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** the Defendant's Motion to Modify Judgment.

IT IS SO ORDERED  **MAY 0 9 2019** .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of AGiT-Timblin

Date: 5/9/19  Time: 2:40

Deputy Clerk, Superior Court of Guam